IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAG-DALY CITY, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>QUALITY AUTO LOCATORS, INC., et al.,<br><br>    Defendants.<br>                               / | No. C 12-03907 WHA<br><br>**ORDER HOLDING MOTIONS TO DISMISS IN ABEYANCE PENDING DISCOVERY AND VACATING HEARING** |

**INTRODUCTION**

In this theft and unfair competition action involving vehicles allocated to Toyota dealerships, nine dealership defendants move to dismiss based on a lack of personal jurisdiction. For the reasons explained below, the motions will be **HELD IN ABEYANCE** pending further discovery. The January 31 hearing is **VACATED**. The January 31 Case Management Conference is **POSTPONED** until **JUNE 6**. .

**STATEMENT**

Plaintiff PAG-DALY CITY, LLC, dba City Toyota, alleges that defendants all participated in a series of organized thefts that deprived plaintiff of vehicles destined for its Toyota dealership before they arrived. The defendants fall into two categories: (i) car broker companies and their employees, and (ii) car dealerships located outside of California. Although the individual circumstances vary, plaintiff alleges a common *modus operandi*: the car dealership defendants made payments to the broker defendants, who in turn "induced a miscreant

City Toyota employee" to initiate transfers from City Toyota's inventory in exchange for kickbacks. The car dealership defendants challenge personal jurisdiction and move to dismiss.

## ANALYSIS

General jurisdiction is not asserted. Rather, plaintiff contends, and defendants deny, that specific personal jurisdiction exists over the defendant dealerships. "[P]laintiff bears the burden of demonstrating that jurisdiction is appropriate . . . [and] the plaintiff need only make a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). Specific jurisdiction lies only where a defendant "has sufficient 'minimum contacts' with the [forum state] arising from, or related to, its actions" at issue, including the following:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Schwarzenegger*, 374 F.3d at 801–02. When considering the first prong, "something more than mere foreseeability" of an effect in the forum state is necessary. *Id.* at 805. Where "[f]urther discovery on [the] issue might well demonstrate facts sufficient to constitute a basis for jurisdiction" denial of jurisdictional discovery will be an abuse of discretion. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

For each dealership defendant, plaintiff alleges that given the shortage of available vehicles at the time of the transfers and the lack of normal paperwork, the dealership defendants either knew or must have known they were participating in a theft. Plaintiff further alleges that the vehicle transfers could not be completed without the dealership defendants' active participation and knowledge that they were receiving vehicles from California because of the nature of the electronic transfer system.

The dealership defendants contend, among other things, that they did not know the source of the transferred vehicles when the transactions took place, or that they did not initiate the transfers, and that the paperwork was typical. The declarations filed by the parties conflict on these points.

If the dealership defendants indeed knew that they were participating in the improper transfer of vehicles bound for California, or at least acted recklessly, then the exercise of specific personal jurisdiction over these defendants may be proper. This order concludes, however, that the present record is inadequate to rule on this issue as to individual dealership defendants. Discovery will clarify these disputes.

## CONCLUSION

The pending motions to dismiss for lack of personal jurisdiction will be **HELD IN ABEYANCE** pending further discovery. Plaintiff may take one deposition from each dealership defendant and may take the depositions of the individual brokers named in the amended complaint. Plaintiff may propound 10 narrowly-tailored document requests and 5 reasonably narrow interrogatories (without subparts) to each of the defendants named in the complaint (including the broker entities). For its part, plaintiff must allow one deposition to defendants (combined) and respond to 10 narrowly-drawn document requests and 5 reasonably narrow interrogatories without subparts (both combined as to all defendants). This discovery must be completed **BY APRIL 25**. Both sides may then supplement as to the pending motions on a more complete factual record.

Because the merits of plaintiff's claims are intertwined with facts related to jurisdiction, this discovery is not limited to jurisdictional facts. There is no restriction on the discovery as long as it has some plausible relationship to the jurisdiction issues — meaning merits-related discovery is fine so long as it has some plausible relationship to a jurisdiction issue. Failure to cooperate in discovery may be deemed an admission to the relevant issue by the non-cooperative party.

The alternative motions of certain defendants to dismiss based on various alleged pleading deficiencies are **DENIED** without prejudice. The alternative motions of certain

3

defendants to dismiss the amended complaint for being filed without leave are **DENIED**. Barker Toyota's motion to submit a new declaration is **DENIED AS MOOT**. The January 31 hearing is **VACATED**. The January 31 case management conference is **POSTPONED** until **JUNE 6**. The administrative motion to deem late-filed opposition papers timely is **DENIED AS MOOT**.

    **IT IS SO ORDERED.**

Dated: January 25, 2013.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

4