JOHN R. BOBAY, Esq. (California State Bar No: 78993)
Law Offices of John R. Bobay
50 Hill Crest Court
San Anselmo, CA 94960
telephone: 1.415.457.0720
facsimile: 1.415.366.2228
email: jrbobay@pacbell.net

Attorneys for Defendant
The Walker Auto Group Inc.,
*dba* Walker Toyota

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN OF DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PAG-DALY CITY, LLC *dba* CITY TOYOTA, a California Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>QUALITY AUTO LOCATORS, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case Number: C12 3907 WHA<br><br>WALKER TOYOTA'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR ORDER TO AUGMENT THE EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>JUDGE:　　　Hon. William H. Alsup |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- o0o -

*Walker Toyota's Opp to Plaintiff's Admin Mot*　　　　　　　　(C12 - 3907 WHA)

# INTRODUCTION

Defendant Walker Toyota objects to Plaintiff's Administrative Motion for Order to Augment the Evidence Submitted by Plaintiff in Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction (ECF No. 152; filed Aug. 14, 2013) on each of the following grounds:

1. The motion is untimely and late under this Court's briefing schedule;

2. It is not the proper subject of an administrative motion under Civil L.R. 7-11 because the additional documents proferred and arguments made therein constitute substantive and improper attempts to introduce the product of discovery taken after the discovery cut-off and submit additional briefing one month after the last day to submit supplemental briefs;

3. It is an unnecessary multiplication of these proceedings which have already gone on for almost a full year;

4. The proferred documents to the motion lack the necessary foundation and authentication and therefore are inadmissible;

5. The proferred documents are not probative of anything and therefore are inadmissible; and

6. Plaintiff has improperly propounded discovery in excess of the scope permitted by this Court and used Mercado's bankruptcy matter as a sham to conduct discovery beyond what was anticipated or contemplated by this Court's discovery order.

Accordingly, Plaintiff's motion must be denied.

# OPPOSITION

## I.

## PLAINTIFF'S MOTION IS UNTMELY AND LATE

Plaintiff's motion to proffer further documents and submit additional briefing is made one month after the last day to file the final supplemental reply briefs in this matter.   The last day to file supplemental reply briefs was **July 19, 2013**   (ECF No. 186; Order Setting Schedule 1:21-22).

Plaintiff has had over a year to develop its facts and theories to support jurisdiction in this matter.   Some of the Defendants' motions to dismiss have been pending since last fall.   Plaintiff has failed to show good cause for why even more time is needed to establish jurisdiction.   Plaintiff's belated motion is itself an acknowledgement of its inability to raise affirmative evidence justifying the

-1-

*Walker Toyota's Opp to Plaintiff's Admin Mot* (C12 - 3907 WHA)

exercise of jurisdiction over Walker Toyota.   Plaintiff's motion is untimely and therefore must be denied.

## II.

## PLAINTIFF IS IMPROPERLY USING AN ADMINISTRATIVE MOTION FOR SUBSTANTIVE MATTERS

Plaintiff filed its papers styled as an "administrative motion" (ECF No. 152; filed Aug. 14, 2013).   Under Civil L.R. 7-11, administrative motions are limited to those applications for "a Court order with respect **to miscellaneous administrative matters**, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge."   Civil L.R. 7-11 (N.D. Cal. 2013) (emphasis added).   This Local Rule expressly states that its intended application is for ministerial "matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example."   *Id*.

The matters raised in Plaintiff's motion are not such mere ministerial motions for relief. Plaintiff seeks to introduce the product of jurisdictional discovery taken after the **June 13** cut-off and contrary to the express admonition that "**[n]o other extensions on jurisdictional discovery will be given**" (ECF No. 186; Order Setting Schedule 1:19-20) (emphasis added).   Plaintiff further seeks to submit additional arguments and documents which this Court required to be submitted on or before **July 19**.   *Id*. 1:21-22.

Such matters are not the proper subject of an administrative motion and must be denied.

## III.

## PLAINTIFF HAS FAILED TO LAY THE REQUISITE FOUNDATION AND/OR OTHERWISE PROPERLY AUTHENTICATE THE PROFERRED EXHIBITS FOR CONSIDERATION IN RULING ON THE MOTIONS TO DISMISS

Plaintiff's motion is supported only by the declaration of counsel for Plaintiff (ECF No. 186-1; Declaration of William A. Logan, Jr. in Support of Administrative Motion for Order to Augment the Evidence Submitted by Plaintiff in Opposition to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction).   A review of Mr. Logan's declaration demonstrates that Plaintiff has failed to lay the requisite foundation for consideration of the proferred Exhibits A and B attached thereto.

1   With respect to Exhibit A, it is clear that Mr. Logan lacks personal knowledge of the procedures
2   used to create and maintain Exhibit A (purportedly a business record of a non-defendant bank) and he is
3   not capable of testifying as a qualified witness under Rule 902(11) of the Federal Rules of Evidence.
4   Regarding Exhibit B, Walker Toyota objects to the consideration of this exhibit on the grounds
5   that it is inadmissible.   Plaintiff submitted these deposition excerpts without the court reporter's signed
6   certification.   Deposition excerpts submitted without the court reporter's signed certification are not
7   properly authenticated and, as a consequence, are not admissible and cannot be considered by this Court.
8   *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir.2002) *citing Pavone v. Citicorp Credit*
9   *Servs., Inc.*, 60 F.Supp.2d 1040, 1045 (S.D.Cal.1997), *aff'd*, 172 F.3d 876 (9th Cir.1999).
10   Accordingly, this Court must not consider either Exhibit A or B in ruling on the motions to
11   dismiss.

## CONCLUSION

Based on all of the foregoing, Plaintiff's motion must be denied.

DATED:   August 19th, 2013.                LAW OFFICES OF JOHN R. BOBAY
                                           Attorneys for Defendant Walker Motors, Inc.,
                                           *dba* Walker Toyota


                                           By: _____
                                                JOHN R. BOBAY

20   / / /
21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

-3-

*Walker Toyota's Opp to Plaintiff's Admin Mot*                              (C12 - 3907 WHA)