**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAG-DALY CITY, LLC, dba CITY TOYOTA, a California limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>QUALITY AUTO LOCATORS, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-03907 WHA<br><br>**ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT, DENYING DEFENDANTS' REQUEST FOR CONTINUANCE OF TRIAL DATE, SETTING FURTHER CASE MANAGEMENT CONFERENCE, AND VACATING HEARING** |

**INTRODUCTION**

In this action involving allegedly stolen property, plaintiff moves for leave to file a second amended complaint. Defendants do not oppose, but request a continuance of the trial date. For the reasons stated below, plaintiff's motion for leave to file is **GRANTED**. Defendants' request to continue the trial date is **DENIED**. The hearing of February 6 is hereby **VACATED**. A new case management conference is set for **11:00 A.M. ON THURSDAY, FEBRUARY 20, 2014.**

**STATEMENT**

Plaintiff PAG-Daly City, LLC, a California Toyota dealer, alleges that out-of-state broker and dealer defendants siphoned away its automotive inventory during a shortage brought about by the 2008 recession and 2011 tsunami in Japan. Plaintiff filed its initial complaint on July 25, 2012, amending it once in October 2012. A motion to dismiss for lack of personal jurisdiction was held in abeyance to permit discovery. An August 2013 order denied the motion

to dismiss. Shortly thereafter, a case management order specified that leave to amend pleadings and add new parties must be sought by December 31, 2013, set the fact discovery cutoff for the end of July 2014, and set a trial date of November 3, 2014.

Plaintiff timely moves for leave to file a second amended complaint. The amendment would add four defendants, including one broker, its two principals, and one dealer, Beechmont Motors T., Inc. It would remove two defendants: LaFontaine Motors, Inc. and Joseph T. of D. Co., voluntarily dismissed in November 2012 and January 2013 (Dkt. Nos. 77, 151). Plaintiff asserts that by March 2013 it had identified broker Classic Motors, Inc., owned by Malissa Glass and Christopher Steven Glass, but failed to join them at that time because it was not necessary to determine the outcome of the pending motion to dismiss, and because plaintiff anticipated that it would eventually also need to update – as the proposed amendment does — the list of inventory allegedly misappropriated by defendants through Toyota's electronic allocation system. Joinder of broker Classic Locators and the inventory update would increase the damages sought by approximately $500,000 each. Plaintiff asserts that it only became aware of Beechmont Motors' involvement in December 2013, as part of discovery.

None of current defendants opposes the motion. Defendants Muller Automotive, Inc., The Walker Auto Group, Inc., BWTI, Inc., and PLE Enterprises, Inc. condition their non-opposition to a continuance of the trial date to an unspecified date in 2015. An additional statement of non-opposition from defendant Page Imports, Inc., is "subject to the condition that Plaintiff eliminates one of two duplicative entries" (Dkt. No. 311). Subsequent to the filing of the instant motion, plaintiff and defendant Faulkner Trevose, Inc. have filed a joint motion for an order establishing the "good faith" of their settlement pursuant to California Code of Civil Procedure Sections 877 and 877.6. The relief requested is apparently sought because, inter alia, plaintiff's second amended complaint seeks to add the auto broker through which Faulkner obtained the vehicles at issue. Plaintiff and Faulkner seek a determination of "good faith" to "protect Faulkner from the possibility that any party, whether or not currently a party to the Action, might seek equitable indemnity or contribution from Faulkner" (Dkt. No. 318-1 at 11).

2

It is, however, premature to decide that motion at this time, as defendants have not had an opportunity to file responses.

## ANALYSIS

Plaintiff moves for leave to file a second amended complaint under FRCP 15(a)(2). Leave can be denied "where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West*, 465 F.3d 946, 951 (9th Cir. 2006). Absent such factors, however, our court of appeals has emphasized the liberality of FRCP 15(a)(2) in directing courts to "freely give leave" to amend. *Ibid.* The amendment would add broker Classic Locators, its two principals, and dealer Beechmont Toyota, and remove defendants LaFontaine Motors and Joseph Airport Toyota. Five defendants have filed statements of non-opposition. Four are conditioned on a continuance of the trial date to relieve the perceived burden of new parties and newly contested electronic allocations, *e.g.*, a dealer's right to the future delivery of new Toyotas. One is conditioned on the correction of an alleged duplication. None of the conditions proposed by defendants provides sufficient basis to deny leave to amend. Plaintiff's motion for leave to file a second amended complaint is therefore **GRANTED.**

In their notices of non-opposition, four defendants request a continuance of the discovery and trial dates set out in the case management order. As plaintiff notes in its reply, its motion was filed before the deadline to join parties and amend pleadings set out in the case management order. Fact discovery is set to close in July, almost seven months from now. This is still an adequate amount of time to conduct discovery. Given the timeliness of plaintiff's motion, neither the scale of increased damages nor the addition of four parties warrants postponement of trial, at least on this record. Defendants' request for a continuance of the trial date to 2015 is **DENIED**.

## CONCLUSION

On the condition that all new defendants are served with the amended complaint and summons by **FRIDAY, FEBRUARY 7, 2014**, plaintiff's motion for leave to file its second amended complaint is **GRANTED**. Defendants' request for continuation of the trial date is **DENIED**.

The hearing on February 6 is hereby **VACATED**.  A further case management conference will be held at **11:00 A.M. ON THURSDAY, FEBRUARY 20, 2014**.  Notice of this new case management conference must be served on all defendants, including new defendants.

**IT IS SO ORDERED.**

Dated:  January 28, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4