IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAG-DALY CITY, LLC, d.b.a. CITY TOYOTA, a California limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>QUALITY AUTO LOCATORS, INC., et al.,<br>        Defendants. | No. C 12-3907 WHA<br><br>**ORDER GRANTING JOINT MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION** |

**INTRODUCTION**

In this action for receipt of stolen property and conversion, plaintiff and defendant Faulkner Trevose, Inc., d.b.a. Faulkner Toyota jointly move for a good faith settlement determination pursuant to California Code of Civil Procedure Sections 877 and 877.6. The motion is **GRANTED**.

**STATEMENT**

Plaintiff PAG-Daly City, LLC alleges that auto broker defendants misappropriated plaintiff's right to receive new Toyota inventory during a supply crunch. Plaintiff alleges broker defendants allowed dealer defendants to purchase the right to receive new vehicles that Toyota had awarded plaintiff, who went uncompensated for this transfer.

Plaintiff filed this diversity action against numerous out-of-state dealers and brokers in July

2012. A January 28 order, which explored the relevant factual and procedural background more fully, granted plaintiff's motion for leave to file a second amended complaint. The new complaint joined broker defendant Classic Motors, Inc., its two principals, and defendant Beechmont Motors.

Plaintiff's claims against defendant Faulkner include damages of $138,000, which may be subject to trebling via California Penal Code Section 496, in addition to attorney's fees and costs. Settling parties now move for approval of a good faith settlement under California Code of Civil Procedure Sections 877 and 877.6. Plaintiff has agreed to dismiss with prejudice all claims in this action against defendant Faulkner as part of a larger general release, in exchange for $175,000. The joint motion states that this agreement is conditioned upon the issuance of an order determining that the settling parties have acted in good faith. No defendant has filed an opposition to the motion; four — PLE Enterprises, Inc. d.b.a. Rolling Hills Toyota, The Walker Auto Group, Inc. d.b.a. Walker Toyota, Page Imports, Inc. d.b.a. Page Toyota, and BWTI, Inc. d.b.a. Bert Wolfe Toyota — have filed notices of non-opposition.

**ANALYSIS**

A court sitting in diversity has discretion to determine whether a settlement is in good faith under California Code of Civil Procedure Section 877.6. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1064 (9th Cir. 2011). When a settlement is determined to have been made in good faith, further negligence-based equitable contribution or comparative indemnity claims against settling parties are barred "so long as the other tortfeasors were given notice and an opportunity to be heard." *Gackstetter v. Frawley*, 135 Cal. App. 4th 1257, 1273 (2006). A determination that a settlement has been conducted in good faith will also "reduce the claims against the [remaining defendants] in the amount stipulated by the release." Cal. Civ. Proc. Code § 877(a). A contested motion is subject to a multi-factor test set out by the California Supreme Court to examine whether settling parties have reached a good faith agreement; however:

2

> Only when the good faith nature of a settlement is disputed, it is incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors. Once there is a showing made by the settlor of the settlement, the burden of proof on the issue of good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith.

*City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987); *see also Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). Notice of the instant motion was given to all parties, and was hand-delivered by process server by January 24 to defendants joined in the action by the second amended complaint, as well as those not represented in the suit or by counsel. Under California statute, nonsettling defendants have twenty days following hand delivery of the notice to oppose; that time is now past. No defendant has filed an opposition, and four have filed notices of non-opposition. Two additional chances to belatedly oppose were presented at the February 20 case management conference and again during the February 27 hearing on this matter. Because no party contests the motion, it is unnecessary to weigh the *Tech-Bilt* factors. *City of Grand Terrace* at 1261. The joint motion is therefore **GRANTED**.

## CONCLUSION

For the reasons stated, the unopposed joint motion for an order determining that plaintiff and defendant Faulkner have reached settlement in good faith pursuant to California Code of Civil Procedure Section 877 and 877.6 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 27, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3