United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAG-DALY CITY, LLC, dba CITY TOYOTA,

    Plaintiff,

v.

QUALITY AUTO LOCATORS, INC., *et al.*,

    Defendants.

No. C 12-03907 WHA

**ORDER DENYING DEFENDANT CHARLES BARKER'S MOTION TO DISMISS FOR MISJOINDER**

### INTRODUCTION

In this action for conversion, one of fifteen defendants moves for misjoinder under Federal Rules of Civil Procedure 21. For the foregoing reasons, defendant's motion is **DENIED**.

### STATEMENT

Plaintiff in this action is Pag-Daly City, LLC, d.b.a. City Toyota, located in California. The fifteen out-of-state defendants include: (1) eight Toyota dealers; and (2) three car brokers and four of their employees. Brokers charge a fee in return for locating and transferring vehicles between dealers. This action concerns "A-status" vehicles, which have been electronically allocated to dealers by the Toyota Motor Corporation, but have not yet been delivered. The following allegations are taken from plaintiff's second amended complaint:

Out-of-state broker and dealer defendants siphoned away plaintiff's automotive inventory during a shortage resulting from the 2008 recession and subsequent tsunami in Japan.

1    From 2010 to July 2011, broker defendants secretly transferred plaintiff's A-status vehicles to
2    dealer defendants.  Dealer defendants paid broker defendants a fee for each transferred vehicle;
3    this fee was shared with plaintiff's former employee, Allan Mercado (not a party to this action),
4    who engaged with brokers to perform the transfers.  Mercado was able to access plaintiff's
5    electronic inventory trading system, but did not have the authority to independently execute
6    transfers.  Plaintiff was not compensated (Sec. Amd. Compl. ¶¶ 24, 26).

The complaint characterizes the transfer of vehicles as a "theft scheme" and alleges that all dealer defendants "knew that the vehicles they were receiving were obtained via unauthorized transfers without plaintiff's consent" (*id.* at ¶¶ 26, 33).  Defendants did not fill out the usual paperwork for an inventory transfer between dealers and did not inquire directly with plaintiff regarding the transfers, despite the fact that they took place during a severe supply crunch. Apart from the specific vehicles at issue, the factual allegations do not vary among individual dealer defendants (with the exception of one defendant alleged to have sold vehicles after being notified that they had been misappropriated).  Each transfer was conducted through Mercado and one of the three broker defendants.  Ninety-five of the approximately five-hundred contested vehicles were transferred to defendant Charles Barker Enterprises, Inc., d.b.a. Charles Barker Toyota (*id.*, Exh. A).

Plaintiff filed this diversity action in July 2012.  Following tailored discovery, an August 2013 order denied a motion to dismiss dealer defendants for lack of personal jurisdiction. A January 28 order granted plaintiff's motion for leave to file a second amended complaint, which joined four defendants and increased plaintiff's alleged damages; a February 20 order recognized good faith settlement between plaintiff and one dealer defendant, subsequently dismissed with prejudice.

Charles Barker now moves to dismiss all defendants but the first named in the action, broker defendant Quality Auto Locators, Inc., for misjoinder pursuant to FRCP 21.  This order follows full briefing and oral argument.

**ANALYSIS**

Charles Barker contends that it should not have been joined in this action under FRCP 20. Permissive joinder of defendants is proper under FRCP 20(a)(2) when:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Our court of appeals, in holding that a district court abused its discretion in dismissing a defendant for misjoinder, stated that FRCP 20:

> [I]s to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. As stated by the Supreme Court . . . "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged."

*League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d 914, 917 (9th Cir. 1977) (internal citations omitted).

Charles Barker focuses on FRCP 20(a)(2)(A), contending that there was no shared transaction or occurrence among defendants. This order concludes that FRCP 20(a)(2)(A) is satisfied, and then briefly addresses FRCP 20(a)(2)(B). Equitable arguments, mostly raised for the first time in Charles Barker's reply brief, are also considered and dismissed on the merits.

**1.  SAME SERIES OF TRANSACTIONS OR OCCURRENCES.**

Charles Barker argues that no claim for relief is alleged against all defendants that arises from a common transaction or occurrence. It asserts that each of its vehicle transfers was distinct and unrelated to those made among other dealer and broker defendants, stating that "there is no allegation that the Dealer Defendants worked with one another; no allegation that the Broker Defendants worked together, and no allegation that the Dealer Defendants worked with Mercado" (Br. 2).

Our court of appeals has held that the transaction *or* occurrence test is met when claims "arise out of a systematic pattern of events." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842–43 (9th Cir. 2000). Charles Barker relies on a decision in this district brought by a

3

television provider against 775 consumers accused of piracy, where the defendant consumers were joined into groups based on geographical proximity and type of pirating equipment purchased. *In Re DIRECTV, Inc.*, 2004 WL 2645971, at *4 (N.D. Cal. July 26, 2004) (Judge James Ware). In the cited decision, the district court held that the "transaction or occurrence" test was not met because the joined defendants made their purchases independently and had no "business connection" with one another. Charles Barker also cites a district court decision interpreting FRCP 20(a)(2)(A) to require "a degree of factual commonality underlying the claims." *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (Judge Philip Gutierrez).

Charles Barker's cited decisions are inapposite. The district court in *DIRECTV* explicitly distinguished its holding from actions such as this one, where plaintiff "join[s] an alleged reseller in a single action against alleged end user customers of that reseller." *In Re DIRECTV, Inc.*, 2004 WL 2645971, at *4. While Charles Barker unsuccessfully attempts to paint each transaction between brokers and dealers as unique, the factual commonalities among plaintiff's claims are undeniable. All of the approximately 500 contested vehicles were transferred from plaintiff to dealer defendants via broker defendants. *Every transfer was facilitated by one of plaintiff's employees, Mercado.* As Charles Barker acknowledges, two of the broker defendants involved are alleged to have shared an employee — defendant Joshua Best (Br. 6). Regardless of whether dealer defendants had any connection to *one another*, the theft and conversion alleged in the complaint all arise from a systematic pattern of events, all with at least one common wrongdoer. Accordingly, Charles Barker and other defendants are properly joined under FRCP 20(a)(2)(A).

**2. QUESTION OF LAW OR FACT.**

In its opening papers, Charles Barker does not contest that FRCP 20(a)(2)(B) is satisfied, and in its reply "acknowledges that City Toyota's claims against the Defendants involve some common questions of fact and law" (Reply Br. 7). Charles Barker then lists three unresolved factual questions common to all the parties, followed by one question that — arguably — is not.

4

FRCP 20(a)(2)(B) asks if *any* common questions will arise, and Charles Barker has admitted that this is so. No further analysis is necessary to show that the second prong of FRCP 20 is met.

### 3.   FAIRNESS TO THE PARTIES.

Charles Barker also argues that its joinder under FRCP 20 is unfair. Our court of appeals has stated that:

> Although the specific requirements of [FRCP] 20 . . . may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.

*Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Such equitable considerations include "judicial economy, prejudice, and whether separate claims require different witnesses and documentary proof." *Jacques v. Hyatt*, 2012 WL 3010969, at *2 (N.D. Cal. July 23, 2012).

Charles Barker states in its opening papers that:

> [D]efendants have competing interests and strategies and is each entitled to present individualized defenses on liability and damages. Discovery issues will vary from defendant to defendant. The cost of a defendant participating in this catch-all lawsuit will be disproportional to their involvement

(Br. 8). Charles Barker does not otherwise raise any equitable grounds for misjoinder until its reply brief. New arguments should be raised for the first time in reply, and the motion can be denied on this ground alone. This is not necessary, however, because Charles Barker's new arguments are entirely unpersuasive. Charles Barker argues that the action, as structured: (1) will be confusing to jurors; (2) will result in expensive and unnecessary discovery; and (3) will be prejudicially lengthy and complex.

*First*, Charles Barker asserts that joinder with fourteen other defendants is unfair because it "has the potential to cause the jury to confuse the Dealer Defendants with one another, or worse treat the Dealer Defendants as a single group" (Reply Br. 7). This assertion has no merit. Charles Barker cannot argue that defendants do not share any underlying transactions or occurrences, and at the same time argue that defendants are confusingly similar. A jury is capable of distinguishing our defendants.

5

*Second*, Charles Barker states that it would expend resources in depositions and discovery for "a multitude of witnesses and claims that are wholly unrelated to Charles Barker's alleged conduct" (*id.* at 8). Charles Barker, however, is under no obligation to participate in irrelevant discovery proceedings, and there will almost certainly be factual questions common to all defendants that would be much more effectively disposed of in a single deposition.

*Third*, Charles Barker also asserts that a single trial with all defendants will be "much longer and more complex than a trial against Charles Barker alone" (*id.* at 9). While that may be true, it must be weighed against but *one* jury learning the fact pattern but *once*, and deciding each of several related scenarios in *one* trial. It would be a burden on multiple juries to do so in trials that would be shorter, yes, but not by much, given that the Mercado story would have to be told and re-told on each trial and at least some of the other diversions would likely get admitted. Charles Barker is properly joined under FRCP 20; its motion to dismiss itself and thirteen other defendants for misjoinder is **DENIED**.

**CONCLUSION**

Charles Barker has failed to show that it has been improperly joined under FRCP 20. For the reasons stated, the motion to dismiss under FRCP 21 is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6