IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAG-DALY CITY, LLC d/b/a CITY TOYOTA,

    Plaintiff,

v.

QUALITY AUTO LOCATORS, INC.;
CHAD M. PETRO; ALL CAR AUTO FINDERS, LLC;
JOSHUA BEST; CLASSIC LOCATORS, INC.;
CHRISTOPHER STEVEN GLASS;
MALISSIA GLASS, f/k/a MALISSIA ALLEY;
HERB CHAMBERS 1168, INC., d/b/a HERB
CHAMBERS TOYOTA; PLE ENTERPRISES, INC.,
d/b/a ROLLING HILLS TOYOTA; PAGE IMPORTS,
INC., d/b/a PAGE TOYOTA; FAULKNER
TREVOSE, INC., f/k/a FAULKNER TOYOTA, INC.,
d/b/a FAULKNER TOYOTA; MULLER
AUTOMOTIVE, INC., d/b/a LAWRENCE TOYOTA;
WALKER AUTO GROUP, INC., d/b/a WALKER
TOYOTA; CHARLES BARKER ENTERPRISES,
INC., d/b/a CHARLES BARKER TOYOTA; BWTI,
INC., d/b/a BERT WOLFE TOYOTA, and
BEECHMONT MOTORS T, Inc., d/b/a BEECHMONT
TOYOTA,

    Defendants.

No. C 12-03907 WHA

**ORDER DISMISSING ACTION AGAINST REMAINING DEFENDANTS**

After more than two years of litigation against seventeen defendants, this civil action was nearing its very end when plaintiff suddenly requested a dismissal as to all five remaining defendants. All that remained was to rule on a motion for default judgment against the five defendants (and counter-motions to set aside default) after hearing.

This order will carry out plaintiff's request for dismissal, but in light of the vast resources already invested in the case and pending motions, this order will set forth some considerations of potential value in the event that plaintiff resumes this same litigation elsewhere against the five defendants.

1    The essence of this action was that plaintiff auto-dealership in California had on its
2 payroll a con artist who allegedly conspired with other auto-dealerships (and brokers) elsewhere
3 in the country to divert Toyota vehicles in short supply from its inventory to those dealers and
4 brokers in exchange for a kickback. Plaintiff Pag-Daly City, LLC then collected more than $1.6
5 million in settlements from ten defendants, all of whom have been previously dismissed. *See also*
6 *Pag-Daly City, LLC v. Mercado*, No. 13-03001 (N.D. Cal. Bankr.) (Judge Hannah Blumenstiel)
7 (Dkt. No. 68).

8    The five remaining defendants were Christopher Glass, Malissia Glass, Classic Locators,
9 Inc., Quality Auto Locators, Inc., and Chad Petro. None of them had timely filed an answer.

10    *Pro se* Mr. Glass, however, first appeared in this action as a non-party to challenge a
11 subpoena. He and others (including Ms. Glass and Classic Locators) were added as defendants
12 much later. Default was eventually recorded against the five remaining defendants. Although a
13 service issue was recently raised with respect to Mr. Glass, after supplemental declarations were
14 submitted by both sides, the Court was inclined to find that service had been proper for the
15 defaulting defendants.

16    Pag-Daly then moved for a default judgment ($2.9 million from the Glasses and Classic
17 Locators and $2.9 million from Mr. Petro and Quality Auto Locators). The Glasses
18 — appearing *pro se* — timely filed oppositions and counter-motions to set aside the default
19 (Dkt. Nos. 413, 415, 416). The Glasses were located in Florida and stated that they were without
20 resources to hire an attorney. Ms. Glass, a non-attorney, purported to appear on behalf of Classic
21 Locators. Mr. Petro and Quality Auto Locators never timely appeared. At the October 30
22 oral argument, *pro se* defendant Mr. Glass appeared telephonically.

23    Having considered the record, the Court was inclined to set aside the default against at
24 least Mr. Glass and Ms. Glass and allow the case to be litigated on the merits as to them.
25 In pertinent part, Ms. Glass filed a signed, sworn declaration "maintain[ing] innocence in this
26 matter" and stating that "Classic Locators had absolutely no idea that any dealings with

1  [Mr.] Mercado [a Pag-Daly employee] were unauthorized . . . . and in no way knew the property
2  to be stolen" (M. Glass Decl. ¶¶ 3–8).  Mr. Glass filed a signed, sworn declaration stating that the
3  owner of Pag-Daly "advised me that I had to deal directly with Allan Mercado" (C. Glass
4  Decl. ¶¶ 4, 6).  At oral argument, *pro se* Mr. Glass stated that he had "no clue" Mr. Mercado was
5  doing the deals the wrong way.  If the Glasses' story is true, then Pag-Daly was at fault for
6  instructing innocent brokers like the Glasses to deal only with a con artist on Pag-Daly's payroll.
7  The Court was thus inclined to allow litigation on the merits as to the Glasses.

8      The Court was also prepared to enter default judgment against Quality Auto Locators and
9  Mr. Petro, who never appeared.  The problem, however, was that Pag-Daly had already collected
10  more than $1.6 million and its declaration claimed damages of $1,593,400.  Pag-Daly's showing
11  was thus insufficient to support the $2.9 million sought and indeed, the record supported nothing
12  more than nominal damages for the default judgment.

13      \*        \*        \*

14      Again, against this backdrop and having presided over this litigation for more than two
15  years, the Court is concerned that Pag-Daly, having seen the writing on the wall at oral argument,
16  seeks to dismiss this action in favor of re-litigating it elsewhere.  Under Rule 41, the undersigned
17  judge is not in a position to require this action be dismissed with prejudice.  Nevertheless, the
18  above considerations and history are now memorialized for the benefit of any subsequent court in
19  which Pag-Daly may (or may not) sue the remaining defendants.

20      Accordingly, Pag-Daly's request to dismiss all remaining defendants is hereby **GRANTED**.
21  This action is hereby **DISMISSED**.  Docket numbers 403 and 416 are terminated.  The Clerk shall
22  **CLOSE THE FILE**.

24      **IT IS SO ORDERED.**

26  Dated:   October 31, 2014.
27                                            WILLIAM ALSUP
                                          UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California